IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANIEL FORD, | : |
|           Plaintiff, | : |
| v. | : Case No. 5:23-cv-00019-MTT-CHW |
| Warden TRACY JEFFERSON, *et al.*, | : Proceedings Under 42 U.S.C. § 1983 |
|           Defendants. | : Before the U.S. Magistrate Judge |

## ORDER

Before the Court is Defendants Thomas, Gardner, Guy, and Smith's motion to set aside any default against them that may have occurred due to operation of law. (Doc. 35). All Defendants were issued summons and mailed waivers of personal service. Defendants Guy and Gardner's waivers were returned with notes that they no longer worked at Central State Prison. (Docs. 9, 10). Defendant Jefferson, Thomas, and Smith's waivers were returned unexecuted without commentary. (Docs. 23-25). The Clerk of Court issued summons for personal service for all Defendants, and Defendants were personally served by the U.S. Marshals Service. (Docs. 20, 22, 31-33). Defendants Thomas, Gardner, Guy, and Smith are in default by operation of law, but a default has not been entered upon the docket. They filed an answer, along with Defendant Jefferson, who is not in default, at the time that they filed the instant motion. (Docs. 35, 36). Plaintiff has not responded to the motion.

1

Defaults are viewed with disfavor, and there is a "strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c) of the Federal Rules of Civil Procedure provides that courts may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996).

The record indicates that Defendants have potentially meritorious defenses to present, and there is no indication that any prejudice will ensue from requiring the parties to litigate the merits of their respective positions through the ordinary course of litigation. Moreover, the record shows Defendants' failure to respond is not attributable to them because they attempted to timely execute requests for legal representation that went unfulfilled for various reasons including administrative and communications issues between and within the Georgia Department of Correction and the Georgia Attorney General's Office. (Docs. 35-1 to 35-5). Accordingly, because Defendants Thomas, Gardner, Guy, and Smith satisfied the standard of "good cause," their motion to set aside default (Doc. 35) is hereby **GRANTED**. The Court accepts their answer (Doc. 36) as a timely responsive pleading to Plaintiff's complaint.

The record shows that all Defendants needed to be personally served. The record shows that Defendants Guy and Smith are no longer GDOC employees, while Defendants Thomas and Gardner remain GDOC employees, albeit at different facilities. Defendant

2

Jefferson was served at the address for Coffee Correctional Facility, and therefore, he also appears to remain employed with the GDOC. The record does not show why they would not have been able to waive service. Defendants Jefferson, Thomas, and Gardner are hereby directed to **SHOW CAUSE**, no later than August 29, 2023, why they should not be required to pay costs of personal service,[1] pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

**SO ORDERED**, this 8th day of August, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1] The costs are as follows: Defendant Jefferson: $390.35 (Doc. 33); Defendant Thomas: $106.92 (Doc. 32, p. 1); and Defendant Gardner $109.54 (Doc. 20).