## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **DANIEL FORD,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 5:23-cv-00019 (MTT) (CHW)** |
| | : | |
| **Warden TRACY JEFFERSON,** | : | **Proceedings Under 28 U.S.C. § 1983** |
| **Respondent.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

### ORDER TO RESPOND

Defendants have filed a Motion for Judgment on the Pleadings, asserting that this case should be dismissed for Plaintiff's failure to exhaust his administrative remedies. (Doc. 42). Because Plaintiff is proceeding *pro se*, the Court deems it appropriate and necessary to advise Plaintiff that a motion for judgment on the pleadings has been filed, of his obligation to respond to the motion, and of the consequences he may suffer if he fails to file a proper response.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) will be granted only when no material issue of fact remains, and a party is entitled to judgment as a matter of law. When deciding whether a judgment on the pleadings is appropriate, the Court must accept as true all material facts alleged in the non-moving party's pleading and view those facts in the light most favorable to the non-moving party. *MSPA Claims 1, LLC, v. Kingsway Amigo Insurance Co.*, 950 F.3d 764 (11th Cir. 2020). Normally, when considering a motion for judgment on the pleadings, the Court limits its consideration to the pleadings and exhibits attached thereto, as well as the parties' briefs. However, when a defendant has alleged that a plaintiff's claims should be dismissed for failure to exhaust administrative remedies available through the Georgia Department of Corrections, "[t]he judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the

1

merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 535 (11th Cir. 2014) (citing *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)). Accordingly, Plaintiff may include with his response affidavits and/or other documents showing that he has, in fact, exhausted available administrative remedies.

Under the procedures and policies of this Court, motions generally are decided on the briefs. That is, the Court considers the written pleadings filed by the parties in deciding whether a dismissal is appropriate under the law. The failure of Plaintiff to respond, in writing, to the Motion for Judgment on the Pleadings may result in the granting of that motion without a hearing or any further proceedings.  Unless the Court has granted prior permission, any response brief submitted by Plaintiff should not exceed 20 pages. M. D. Ga. Civ. R. 7.4.

Therefore, Plaintiff is advised:

(1) that a motion for judgment on the pleadings has been filed by Defendants;

(2) that Plaintiff has the right to oppose the granting of the motion with a response brief;

(3) that if Plaintiff fails to oppose the motion, his claims may be DISMISSED.

Accordingly, Plaintiff is hereby **ORDERED AND DIRECTED** to file a written response to Defendants' Motion for Judgment on the Pleadings <u>ON OR BEFORE SEPTEMBER 15, 2023</u>. Thereafter, the Court will consider the motion and any opposition to it filed by Plaintiff.

**SO ORDERED**, this 25th day of August, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge